**Regis G. VEATCH, a Pennsylvania Resident and; Marilyn S. Veatch, his wife, Appellants,**

v.

**ALLEGHENY COUNTY BUREAU OF CORRECTIONS; Service Employees International Union.**

No. 07–3005.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 23, 2008.

Filed May 30, 2008.

Mark J. Bushnell, Pittsburgh, PA, for Appellants.

Caroline P. Liebenguth, Office of Allegheny County Law Department, Pittsburgh, PA, Claudia Davidson, Pittsburgh, PA, for Allegheny County Bureau of Corrections; Service Employees International Union.

Before: SMITH, HARDIMAN, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

After his employment was terminated for misconduct, Appellant Regis Veatch sued the Allegheny County Bureau of Corrections for violations of the Labor Management Relations Act. He also sued his union, the Service Employees International Union, for an alleged breach of its duty of fair representation. The District Court dismissed his complaint, determining that it lacked jurisdiction because neither Allegheny County nor the SEIU are "employers" within the meaning of the LMRA.

Before the District Court, and then again on appeal, Veatch argues that he was not an employee of Allegheny County, but rather of the County Jail Oversight Board. Both parties concede that the Allegheny County jail is operated and maintained by the County Jail Oversight Board. In *Crilly v. Southeastern Pennsylvania Transportation Authority*, 529 F.2d 1355 (3d Cir.1976), we held that a transportation authority was not an "employer" for purposes of the LMRA because it was a political subdivision. We also held that employees working for the authority could not be considered "employees" within the meaning of the LMRA. The Board here, like the transportation authority in *Crilly*, is a creature of statute and, therefore, a political subdivision of the government— exempting it from the LMRA. We will affirm.